# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALI SHAHROKHI,

    Plaintiff(s),

v.

JUDGE MATHEW HARTER, et al.,

    Defendant(s).

Case No.: 2:20-cv-01623-JAD-NJK

**ORDER**

[Docket Nos. 31, 37, 38]

Pending before the Court is Defendant Judge Mathew Harter's motion to stay discovery pending resolution of his motion to dismiss. Docket No. 31. Also pending before the Court are joinders to Defendant Harter's motion to stay discovery filed by Defendants Thomas Standish, Philip Spradling, and Kizzy Burrow. Docket Nos. 37, 38. The Court has considered Defendant Harter's motion, Defendants' joinders, Plaintiff's responses to the motion and joinders, and Defendant Harter's reply. Docket Nos. 31, 37, 38, 47, 51, 53, 54. The motion and joinders are properly resolved without a hearing. *See* Local Rule 78-1.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that a stay of discovery is appropriate when: (1) the pending motion is potentially dispositive in nature and scope; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is

convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

Defendant Harter submits that discovery in this case should be stayed pending resolution of his motion to dismiss because absolute immunity bars Plaintiff's claims, Plaintiff fails to state a claim upon which relief can be granted, and the *Younger* abstention doctrine applies. *See* Docket No. 31 at 5–8. The Court finds that each of the three elements required to stay discovery has been shown in this case and that a stay of discovery is warranted as to Defendant Harter.

Defendants Standish and Spradling submit that a stay of discovery in this case is appropriate because the pending motions to dismiss are potentially dispositive. Docket No. 37 at 5. However, the Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery merely because dispositive motions are pending. *Tradebay, LLC*, 278 F.R.D. at 600. Thus, the Court finds that the three elements required to stay discovery have not been shown and that a stay of discovery is not warranted as to Defendants Standish and Spradling.

Defendant Burrow submits that discovery in this case should be stayed "because she is immune from suit under Nevada's Anti-SLAPP law." Docket No. 38 at 2. The Court finds that Defendant Burrow's motion meets the *Tradebay, LLC* standard and, therefore, a stay of discovery as to this Defendant will be granted.

Accordingly, Defendant Harter's motion to stay discovery is **GRANTED**. Docket No. 31. Defendant Burrow's joinder to Defendant Harter's motion is **GRANTED**. Docket No. 38. Defendants Standish and Spradling's joinder is **DENIED** without prejudice. Docket No. 37.

No later than November 19, 2020, Plaintiff and Defendants Standish and Spradling must file a proposed joint discovery plan. In the alternative, Defendants Standish and Spradling may file a renewed motion to stay discovery, addressing all relevant standards, no later than November

---

[1] Conducting the "preliminary peek" puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.

19, 2020.  In the event the resolution of Defendants Harter and Burrow's motions to dismiss do not result in the dismissal of all counts against them, each Defendant must file, in concert with Plaintiff, a joint proposed discovery plan, no later than 14 days after the issuance of the order resolving the motion to dismiss against each respective Defendant.

IT IS SO ORDERED.

Dated: November 10, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

3