# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALI SHAHROKHI,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE MATHEW HARTER, et al.,<br><br>    Defendants. | Case No.: 2:20-cv-01623-JAD-NJK<br><br>**ORDER**<br><br>[Docket Nos. 71, 77] |

Pending before the Court is a motion to stay discovery, filed by Defendants Thomas Standish and Philip Spradling ("Defendants"). Docket No. 71. The Court has considered Defendants' motion, Plaintiff's response, and Defendants' reply. Docket Nos. 71, 76, 83. Also pending before the Court is Plaintiff's motion to strike Defendants' motion to stay. Docket No. 77. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that a stay of discovery is appropriate when: (1) the pending motion is potentially dispositive in nature and scope; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

---

[1] Conducting the "preliminary peek" puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of

1

Defendants ask the Court to stay discovery in this case pending resolution of their motion to dismiss because Defendants are immune from suit under Nevada's Anti-SLAPP law, Plaintiff fails to state a claim upon which relief can be granted, and the *Younger* abstention doctrine applies. *See* Docket No. 71 at 6–12. The Court finds that each of the three elements required to stay discovery has been shown in this case and that a stay of discovery is warranted as to Defendants Standish and Spradling.

Plaintiff asks the Court to strike Defendants' motion to stay pursuant to Federal Rule of Civil Procedure 12(f) because the motion asserts the same arguments Defendants submitted in their first motion to stay discovery. *See* Docket No. 77 at 2–3. As a threshold matter, Plaintiff may not rely on Rule 12(f) to oppose the instant motion. *See United Nat. Ins. Co. v. Assurance Co. of America*, 2014 WL 4960915, at *1 (D. Nev. June 4, 2014) ("Rule 12(f) cannot serve as the procedural vehicle for striking language contained in motion papers."). In any event, the Court denied Defendants' first motion without prejudice, due to its lack of authority to support the arguments made. Therefore, the Court finds that the current motion to stay discovery is properly before the Court.

Accordingly, Defendants' motion to stay discovery is **GRANTED**, Docket No. 71, and Plaintiff's motion to strike is **DENIED**. Docket No. 77. In the event the resolution of Defendants' pending motion to dismiss does not result in the dismissal of charges against these two defendants, these parties must file a joint proposed discovery plan no later than 14 days after the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

Dated: December 9, 2020

Nancy J. Koppe
United States Magistrate Judge

---

that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.

2