UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALI SHAHROKHI,<br><br>    Plaintiff,<br><br>v.<br><br>JUDGE MATHEW HARTER, et al.,<br><br>    Defendants. | Case No.: 2:20-cv-01623-JAD-NJK<br><br>**ORDER**<br><br>[Docket No. 75] |

Pending before the Court is Plaintiff Ali Shahrokhi's motion to strike affirmative defenses in Defendants Thomas Standish and Philip Spradling's answer. Docket No. 75; *see also* Docket No. 50 (answer). The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 75, 82, 85. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Courts only address well-developed legal arguments. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013); *see also* Local Rule 7-2(a) (stating all motions filed in this Court "must be supported by a memorandum of points and authorities").[1] "Parties may not merely identify an objection or response in seeking judicial intervention." *Oliva v. Cox Comms. Las Vegas, Inc.*, 2018 WL 6171780, at *4 (D. Nev. Nov. 26, 2018).

Further, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to grant a motion to strike is within the Court's discretion; however, such motions are usually disfavored. *See Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000); *see also Nevada Fair Hous. Ctr., Inc. v. Clark*

---

[1] The Court liberally construes filings of *pro se* parties. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Nonetheless, *pro se* parties must still comply with rules and case law. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

*Cty.*, 565 F. Supp. 2d 1178 (D. Nev. 2008). "[C]ourts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013).

Plaintiff's motion seeks an order striking all affirmative defenses listed in Defendants' answer, but fails to incorporate any case law specifically relating to the affirmative defenses at issue.[2] *See* Docket No. 75 at 2–5. The arguments presented merely submit that Defendants' affirmative defenses are insufficient under Rule 12(f) of the Federal Rules of Civil Procedure. *Id.* The motion also fails to address, let alone demonstrate, what prejudice will result from allowing the affirmative defenses to stand. In any event, the Court has considered the motion on its merits and finds that Defendants' affirmative defenses, as stated in their answer, comply with the Federal Rules of Civil Procedure.

Accordingly, Plaintiff's motion to strike Defendants' affirmative defenses is hereby **DENIED**. Docket No. 75.

IT IS SO ORDERED.

Dated: December 15, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff's reply cites to case law. *See* Docket No. 85. However, the Court disregards Plaintiff's arguments first raised in his reply brief because the timing of the argument deprives Defendants of the opportunity to respond. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).